By the Court.
A witness wrho disobeys a subpoena regularly served upon him, is liable to be punished by attachment ; yet the proceeding is, in this court, a most *158 novel one. It is not recollected that there has been one of the kind, before this, in the space of twenty years. The facts ought to be clear and strong, to justify a party in pursuing this remedy, or the court in granting it. Two facts are especially necessary. 1. That the process be strictly and legally served. Here there is a defect in the proof of the service. It does not appear where the subpoena was delivered. It might have been where the defendant was not bound to yield it obedience; out of the jurisdiction of the court; out of the limits of the state. But, in the second place, mere service of the process, is not enough. It must also appear that the disobedience was of such a nature, as to indicate a design to contemn the process and authority of the court. It is the contempt, which is punishable in this summary way. In the present instance, there is not the slightest appearance of any intention to disregard the process or authority of the court. The defendant had yielded obedience, and when he left the place, it seems to have been under a well founded apprehension, that his presence would not, at that time be required. Besides, he was in another state, and attending to necessary business, of deep importance to himself. The court, therefore, see no ground for the attachment.
Mr. Gibbons, then suggesting that he apprehended a connexion between plaintiff and witness, and an intention to evade giving evidence; moved that the defendant be bound in recognizance, to appear and give evidence in the cause, at the next circuit.
But by the Court. There is no justification, either in the law, or the facts of the case, for such an order. The party must take his own mode and use the proper process, to effect the attendance of his witnesses.